**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DAPHNE TALLEY,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>UNITED AIRLINES, INC.,<br><br>　　　　　　Defendant. | Civil Action No.:<br><br><br>**<u>NOTICE OF REMOVAL</u>** |

To:    Clerk of the Court
　　　United States District Court
　　　District of New Jersey
　　　Martin Luther King Building & U.S. Courthouse
　　　50 Walnut Street
　　　Newark, New Jersey  07101

　　　Michael G. Kane, Esq.
　　　Kane & Cashdan, PLLC
　　　226 St. Paul Street
　　　Westfield, New Jersey  07090

Defendant United Airlines, Inc. ("United"), by and through its attorneys, Nukk-Freeman & Cerra, P.C., respectfully petitions this Court for the removal of the above-entitled case from the Superior Court of New Jersey, Law Division, Essex County to the United States District Court, District of New Jersey, pursuant to 28 <u>U.S.C.</u> §§1332, 1441 and 1446, and, in support thereof, respectfully state as follows:

1.　　　Upon information and belief, on or about January 13, 2023, Plaintiff Daphne Talley (hereinafter "Plaintiff") filed a Complaint against Defendant in the Superior Court of New Jersey, Law Division, Essex County, Docket No.: ESX-L-000331-23 (hereinafter the "State Court Action"),

which is now pending in that Court.  A copy of the Complaint filed in the State Court Action is annexed hereto as **Exhibit A**.

2.      To date, the Complaint has not been properly served upon Defendant.

3.      A copy of the Complaint was emailed to defense counsel in connection with a separate matter initiated by Plaintiff against Defendant in the Office of Administrative Law.

4.      This Notice of Removal is filed within 30 days of Defendant's notification of the Complaint. Thus, this Notice of Removal has been filed within the time provided by 28 U.S.C. 1446(b) and the Federal Rules of Civil Procedure.

5.      Defendant makes its first appearance in this matter by way of this Notice of Removal and the Notice of Filing of Notice of Removal, which is being filed concurrently in the State Court Action.

6.      This Court has diversity jurisdiction over the State Court Action pursuant to 28 U.S.C. §1332, in that Plaintiff is not a citizen of the same state as Defendant.  Specifically:

a.   According to the Complaint, Plaintiff is a citizen of the State of Virginia.  See Complaint, ¶ 2 (**Exhibit A**).

b.   United is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 233 South Wacker Driver, Chicago, Illinois 60606.

c.   Based upon the foregoing, United is deemed to be a citizen of Delaware and Illinois for diversity purposes.

d.   Plaintiff brings claims for: violation of the New Jersey Earned Sick Leave Law (Count I); disability discrimination, failure to accommodate, and privacy violations of the New Jersey Law Against Discrimination ("NJLAD") (Count II); age, race, and/or

gender discrimination in violation of the NJLAD (Count III); Interference in violation of the Family Medical Leave Act ("FMLA") (Count IV); and Retaliation in violation of the FMLA (Count V). <u>See</u> **Exhibit A.** Assuming solely for purposes of this application that Plaintiff could succeed on her claims, her recovery could exceed $75,000.00, not inclusive of any fees, costs or interest.

    e.   Thus, the above-captioned action is a civil action in which the amount in controversy exceeds $75,000.00, and complete diversity exists such that no Plaintiff is a citizen of the same state as any properly joined and served Defendant. <u>See</u> 28 <u>U.S.C.</u> § 1332; <u>Carden v. Arkoma Assocs.</u>, 494 U.S. 185, 187 (1990). Therefore, this Court has diversity jurisdiction over the above-captioned action pursuant to 28 <u>U.S.C.</u> § 1332, which may properly be removed to the Court pursuant to 28 <u>U.S.C.</u> § 1441, *et seq.*

7.    This Court also has original jurisdiction over the claims set forth in the State Court Action pursuant to 28 <u>U.S.C.</u> §§1331 and 1441(a). Specifically, Plaintiff has asserted claims under the federal Family Medical Leave Act, 29 U.S.C. § 2601. Due to Plaintiff's claims brought pursuant to a federal statute, removal to this Court is appropriate under 28 <u>U.S.C.</u> §§1331 and 1441.

8.    This Court has supplemental jurisdiction over any of Plaintiff's claims not arising under the laws of the United States pursuant to 28 <u>U.S.C.</u> §1367, including Plaintiff's claims under New Jersey state law and common law.

9.    Based upon the allegations in the Complaint, and without waiving any challenges with respect to same, venue is proper in the United States District Court for the District of New Jersey in that the State Court Action was originally filed in the Superior Court of New Jersey, Law Division, Essex County.

10.     As of this date, no other discovery has been issued or commenced in connection with the State Court Action.

11.     By filing this notice, Defendant neither admits any factual allegations, nor waives any affirmative defenses and/or preliminary objections that may be available to it.

12.     Upon filing of this Notice of Removal, Defendant shall give written notice thereof to Michel G. Kane, Esq., Cashdan & Kane, PLLC, attorneys for Plaintiff.  Defendant shall also file true and correct copies of said Notice of Removal with the Clerk of the Superior Court of New Jersey, Law Division, Essex County.

WHEREFORE, Defendant hereby respectfully requests that the Court remove this action from the Superior Court of New Jersey, Law Division, Essex County, to the United States District Court for the District of New Jersey, wherein it shall proceed as an action originally commenced therein.

NUKK-FREEMAN & CERRA, P.C.
*Attorneys for Defendant*
*United Airlines, Inc.*

By:    *s/ Suzanne M. Cerra*
          Suzanne M. Cerra, Esq.
          Erica M. Clifford, Esq.
          26 Main Street, Suite 202
          Chatham, NJ 07928
          scerra@nfclegal.com
          eclifford@nfclegal.com
          Telephone:  (973) 665-9100
          Facsimile:  (973) 665-9101

Dated:  February 10, 2023

## **CERTIFICATION PURSUANT TO L. CIV. R. 11.2**

I certify that, to my knowledge, the matter in controversy is also the subject of a matter pending in the United States Department of Labor, before the Office of Administrative Law, captioned <u>Daphne Talley v. United Airlines, Inc.</u>, Docket No. 2022-AIR-00004. That matter is brought under the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century (AIR-21), 49 U.S.C. §42121.

NUKK-FREEMAN & CERRA, P.C.
*Attorneys for Defendant*
*United Airlines, Inc.*

By: <u>*s/ Suzanne M. Cerra*</u>
Suzanne M. Cerra, Esq.
Erica M. Clifford, Esq.
26 Main Street, Suite 202
Chatham, NJ 07928
scerra@nfclegal.com
eclifford@nfclegal.com
Telephone:  (973) 665-9100
Facsimile:  (973) 665-9101

Dated:  February 10, 2023

# EXHIBIT A

**MICHAEL G. KANE, ESQUIRE**
Attorney No.: 020362005
CASHDAN & KANE, LLC
226 ST. PAUL STREET
WESTFIELD, NJ 07090
(908) 264-9331
ATTORNEYS FOR PLAINTIFF

| | |
|---|---|
| DAPHNE TALLEY | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY |
| : | DOCKET NO. |
| Plaintiffs, : | |
| v. : | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| UNITED AIRLINES INC. : | |
| : | |
| Defendants. | |

<u>**INTRODUCTORY STATEMENT**</u>

1.      Plaintiff Daphne Talley brings this action against her former employer United Airlines, Inc.  (United)  Ms. Talley sues United pursuant to the New Jersey Earned Sick and Safe Leave Law (N.J. Stat. Ann. § 34:11D-5) (NJESSL); New Jersey Law Against Discrimination for disability, race, gender and age discrimination; and the Federal Family Medical and Leave Act (FMLA) for failing to provide the benefits of the FMLA, interfering with her use of leave and retaliating against Ms. Talley because she used FMLA.

## PARTIES

2.      Plaintiff Daphne Talley worked as a flight attendant for United Airlines for 25 years.  As an employee of United, she was an individual protected by the Sick Leave Law, the Law Against Discrimination and the FMLA.  Plaintiff is a resident of Virginia.

3.      United Airlines Inc. was plaintiff's employer as that term is defined in the New Jersey Sick Leave Law, the New Jersey Law Against Discrimination and the FMLA.  United has a hub at Liberty-Newark International Airport (EWR).   United's headquarters is in Chicago, Illinois.

## JURISDICTION AND VENUE

4.      Jurisdiction is appropriate in this Court pursuant to N.J. Const., Art. VI, Sec. III, Para. 2.  Venue is appropriate in Essex County because United actually does business in Essex County out of EWR.  Talley flew out of EWR for several years and was in EWR when she called out sick, which as explained below, is a fact central to this case.

## LAWS PROTECTING PLAINTIFF

5.      NJESSL provides that employees can accrue up to 40 hours of paid sick and safe time.  Employers must allow employees to use their earned leave when they are sick.

6.      N.J.S.A. 34:11D-7 of the NJESSL "Notification to employees" provides that a. Employers shall provide notification, in a form issued by the commissioner, to employees of their rights under this act, including the amount of earned sick leave to which they are entitled and the terms of its use, and remedies provided by this act to employees if an employer fails to provide the required benefits or retaliates against employees exercising their rights under this act. Each covered employer shall conspicuously post the notification in a place or places accessible to all employees in each of the employer's workplaces. The employer shall also provide each employee

2

employed by the employer with a written copy of the notification: not later than 30 days after the

form of the notification is issued; at the time of the employee's hiring, if the employee is hired after

the issuance; and at any time, when first requested by the employee.

7.       New Jersey's Law Against Discrimination makes it unlawful for an employer to

fire, refuse to hire, or otherwise discriminate against someone in the "terms, conditions or

privileges of employment" based on race, gender and or age.   N.J.S.A. 10:5-12(a).

8.       The Family and Medical Leave Act (FMLA) 29 U.S.C. §2601 et seq. protects

covered person's right to take leave and to be protected from retaliation for taking FMLA covered

leave.

**FACTS CONCERNING PLAINTIFF**

9.       United employed Plaintiff starting May 9, 1995.

10.      Plaintiff worked as a flight attendant.  Plaintiff worked out of EWR and would

provide service on flights to United customers.

11.      The essence of Plaintiff's job was to interact with the public while she served on

United flights to various places to and from EWR.

12.      Plaintiff was required to be familiar with safety procedures and to perform certain

tasks should an emergency arise.

13.      Plaintiff was eligible for sick leave under New Jersey Law but Defendants never

advised her of this fact.

14.      Defendants did not track the sick leave to which Plaintiff was entitled under New

Jersey law.

15.      Defendants did not post the notice required by NJESSL that would have informed

Plaintiff of her right to sick leave.

3

16.     In or about 2011, Plaintiff was diagnosed with a serious health condition.  The specific diagnosis will not be disclosed here because this is a publicly accessible document.

17.     United was familiar with this diagnosis because it reviewed Plaintiff's doctor's notes supporting Plaintiff's use of intermittent leave over the course of several years starting in 2011 and continuing through the time it terminated Plaintiff.  United never contested that Plaintiff had a serious health condition that required leave under the FMLA.

18.     As a result of this serious health condition, United granted Plaintiff intermittent leave pursuant to the FMLA starting in 2011 and continuing.

19.     For example, prior to her termination United allowed Plaintiff leave of up to 3 times per month for a duration of up to 4 days.

20.     When Plaintiff took the FMLA leave United would record it as FMLA leave usually.

21.     On occasion, United would call the leave generally sick leave but with a significant exception (Dec. 20), United would recharacterize the sick leave as FMLA leave.

22.     In addition to being a serious health condition, the condition with which Plaintiff suffered was a disability as that term is defined by the New Jersey Law Against Discrimination.

23.     Specifically, the disability, which caused anxiety, depression, fatigue, substantially impacted significant life activities such as energy, thinking, behavior and sleep.

24.     Again, the specific name of the disability is not being identified in this publicly available document.  However, United was aware of the disability as evidenced by its provision of intermittent FMLA leave to deal with the effects of the disability.

25.     The anxiety caused by Plaintiff's serious health condition/disability was significantly increased because of the COVID pandemic.

26.    Due to her disability driven anxiety, Plaintiff's concern about contracting COVID and/or that her co-workers may contract COVID was extremely heightened.

27.    United had a history of interfering with Plaintiff's use of FMLA leave she needed as a result of the aforementioned serious health condition/disability.

28.    For example, in 2017 a U.S. Department of Labor investigator found, among other things, that "the evidence provided indicates that Ms. Talley's FMLA rights were interfered with as discussed in 29 C.F.R. 825.220(a)(1) and (c) on several occasions." The DOL investigator then went on to specify the specific nature of the infractions.

29.    Through 2018 until her termination, Plaintiff's serious health condition/disability ("the condition") required her to take intermittent leave.

30.    In or about December 20, 2020, Plaintiff began to suffer the symptoms of her condition.

31.    This may have been triggered by Plaintiff's illness while on a layover in Guatemala in Dec 17 and 18 when she had gastro-intestinal issues and fatigue.  Plaintiff was concerned she had COVID and self-isolated.

32.    As noted, United was very familiar with how Plaintiff's condition affected her.

33.    On December 20, 2020 Plaintiff had completed her assignment but, due to the manifestation of her condition, Plaintiff concluded that she was neither physically nor mentally able to continue on an additional assignment that day and service the passengers and crew.

34.    In making her decision, Plaintiff was concerned not just for her own well-being but for that of the flying public for whom she would be responsible while flying.

35.     To take leave, Plaintiff called the United FAST hotline.  This stands for Flight Attendant Support Team and is the resource United employees would be used to record the use of FMLA leave.

36.     However, United routed the call to Scheduling.

37.     Plaintiff informed the person who answered that she was sick and could not fly.

38.     That person told Plaintiff she would be recorded as taking sick leave.

39.     The person who answered did not mention FMLA.

40.     Plaintiff's actions in requesting sick leave were protected activity under the FMLA, the NJESSL and the LAD's reasonable accommodation requirements.

41.     Plaintiff's incapacity was brief and she felt better to return to work within 16 hours.

42.     Approximately ten days later, United personnel told Plaintiff she was under investigation for taking the sick leave just described.

43.     During Plaintiff's interview with management, management demanded to know personal details of Plaintiff's medical condition.

44.     Plaintiff cited her HIPAA rights as a reason not to disclose her condition to management who was not medically qualified personnel.

45.     United was well aware of Plaintiff's condition since 2011.

46.     United should have characterized the Dec. 20 leave as FMLA leave but it failed to do so.

47.     Plaintiff reiterated that she took the leave because of physical and mental incapacity.

48.     Plaintiff was humiliated during the questioning because a layperson was demanding to know her personal medical health information.

49.    During the investigation, Plaintiff reiterated her need for FMLA and that she had been using intermittent FMLA leave for many years.

50.    United claimed it fired Plaintiff for allegedly abusing United's sick leave policy when she took the sick leave described above.

51.    United was wrong.  Plaintiff did not abuse the sick leave policy.

52.    United conveyed this decision during the state of emergency declared by Governor Murphy because of the COVID pandemic.

53.    Plaintiff did not abuse the sick leave policy.

54.    Plaintiff acted in good faith and honestly believed she satisfied the requirements for being sick.

55.    Defendant United never told Plaintiff that she had a right to use the sick leave provided by the NJESSL.

56.    Plaintiff subsequently applied for and received unemployment from New Jersey.

## COUNT ONE
### (New Jersey Earned Sick and Safe Leave Law N.J.S.A. 34:11D-1, et seq)

57.    Plaintiff restates and incorporates paragraphs 1 through 56 as if fully stated herein.

58.    Defendant United violated the NJESSL when it refused to post the notice required by the NJESSL  that would inform employees including Plaintiff of their rights under the NJESSL.

59.    Further, Defendant United violated N.J.S.A. 34:11D-6  (Retention of records, access), which requires that "Employers shall retain records documenting hours worked by employees and earned sick leave taken by employees, for a period of five years, and shall, upon demand, allow

the department access to those records to monitor compliance with the requirements of this act. If an employee makes a claim that the employer has failed to provide earned sick leave required by this act and the employer has not maintained or retained adequate records documenting hours worked by the employee and earned sick leave taken by the employee or does not allow the department access to the records, it shall be presumed that the employer has failed to provide the earned sick leave, absent clear and convincing evidence otherwise."

60.     As noted above, Defendants did not record or otherwise track Plaintiff's earned sick leave.

61.     Further, Defendant United violated the NJESSL when it refused to provide Plaintiff with the short amount of leave she needed as described above.  Defendants were required to provide this leave pursuant to the NJESSL.

62.     Further, Defendant United violated the NJESSL when it terminated Plaintiff in response to her request to take a short amount of leave.   The termination was discrimination and/or a retaliation.

63.     The termination violated N.J.S.A. 34:11D-4   (Retaliation, discrimination prohibited), which provides that "No employer shall take retaliatory personnel action or discriminate against an employee because the employee requests or uses earned sick leave either in accordance with this act or the employer's own earned sick leave policy, as the case may be, or files a complaint with the commissioner alleging the employer's violation of any provision of this act, or informs any other person of their rights under this act."

64.     Plaintiff is entitled to the rebuttable presumption under the NJESSL. Specifically, 34:11D-4 b. provides in relevant part that "There shall be a rebuttable presumption of an unlawful retaliatory personnel action under this section whenever an employer takes adverse action

against an employee within 90 days of when that employee: … ; informs any person about an employer's alleged violation of this section; … ; opposes any policy, practice, or act that is unlawful under this section; or informs any person of his or her rights under this section.

65.      Plaintiff is protected by this section because she informed Defendant United of her right to leave and opposed Defendant United's actions during the alleged investigation.

66.      In violating the NJESSL, Defendant United is liable for all remedies provided by the NJESSL to include but not be limited to Plaintiff's actual losses plus damages equal to not more than 200 percent of the wages lost.

67.      Defendant's actions have caused Plaintiff to sustain and continue to sustain direct and consequential damages, including, but not limited to, emotional pain and suffering, mental anguish, humiliation and embarrassment, damage to her professional reputation and development, loss of future employment opportunities, bodily injury and the impairment of future earning capacity, justifying an award of compensatory damages, the amount to be determined by a jury at trial.

68.      Defendants engaged in these violations of the NJESSL maliciously or with reckless indifference to Plaintiff's rights under the NJESSL justifying an award of punitive damages in an amount to be determined at trial.

**COUNT TWO**
**Discriminatory Termination in Violation of the New Jersey Law Against Discrimination**
**NJ 10:5-12(a)**
**DISABILITY DISCRIMINATION**
**REASONABLE ACCOMMODATION**
**PRIVACY VIOLATIONS**

69.      Plaintiff restates and incorporates paragraphs 1 through 68 as if fully stated herein.

70.      As alleged above, Plaintiff suffered from a disability protected by the LAD.  In the

alternative, Plaintiff was perceived to have a disability and had a record of disability.

71.     United was aware that Plaintiff suffered from this disability and that the disability, on occasion, caused Plaintiff to need to be absent from work.

72.     Defendant terminated Plaintiff because she was a disabled person.  It expressly fired her because she took sick leave which was connected to her disability.  Further, United's reason that Plaintiff allegedly lied about being sick is false and a pretext for disability discrimination.

73.     United replaced Plaintiff with a non-disabled person.

74.     In the alternative or in addition to, when Plaintiff called in sick, United was required to reasonably accommodate her by providing her with the short leave requested.

75.     United refused to accommodate Plaintiff because it fired her for taking a short amount of sick leave time.

76.     United did not have a legitimate reason for terminating Plaintiff.  United sought replacements for Plaintiff after it terminated her.

77.     Management's questioning of Plaintiff during the so-called investigation was humiliating because management was demanding to know personal medical information about Plaintiff.  Management's actions violated Plaintiff's right to have her medical information confidential.

78.     In discriminating against Plaintiff, United's actions have caused Plaintiff to sustain and continue to sustain direct and consequential damages, including, but not limited to, emotional pain and suffering, mental anguish, humiliation and embarrassment, damage to her professional reputation and development, loss of future employment opportunities, bodily injury and the impairment of future earning capacity, justifying an award of compensatory damages, the amount to be determined by a jury at trial.

79.     Defendant engaged in this discrimination maliciously, or with reckless indifference, to Plaintiff's right under the Law to be free of termination, justifying an award of punitive damages, in an amount to be determined at trial.

**COUNT THREE**
**Discriminatory Termination in Violation of the New Jersey Law Against Discrimination**
**NJSA 10:5-12(a)**
**AGE, RACE and/or GENDER**

80.     Plaintiff restates and incorporates paragraphs 1 through 79 as if fully stated herein.

81.     As alleged above, Plaintiff is an African-American female over the age of 50 at the time of termination.

82.     As such, Plaintiff is in protected classes for age, race and gender.

83.     United terminated Plaintiff because of her age, race and/or gender.

84.     United's alleged explanation for Plaintiff's termination that she abused the sick leave policy by taking one day of sick leave was a pretext for age, race and/or gender discrimination.

85.     After her termination, United continued to look for replacements for Plaintiff.

86.     In discriminating against Plaintiff, United's actions have caused Plaintiff to sustain and continue to sustain direct and consequential damages, including, but not limited to, emotional pain and suffering, mental anguish, humiliation and embarrassment, damage to her professional reputation and development, loss of future employment opportunities, bodily injury and the impairment of future earning capacity, justifying an award of compensatory damages, the amount to be determined by a jury at trial.

87.     Defendant engaged in this discrimination maliciously, or with reckless indifference, to Plaintiff's right under the Law to be free of termination, justifying an award of

punitive damages, in an amount to be determined at trial.

## COUNT FOUR

### Violation of the Family Medical Leave Act,
### 29 U.S.C. §2601 et seq. (FMLA): Interference

88.        Plaintiff restates and incorporates paragraphs 1 through 87 as if fully stated herein.

89.        Defendant is an "employer" within the meaning of the FMLA, employing at least 50 employees within a 75-mile radius of where Plaintiff worked at EWR.

90.        Plaintiff worked for at least 12 months and in excess of 1,250 hours for Defendant prior to her taking intermittent leave.

91.        United was aware that Plaintiff had a serious health condition under the FMLA. The actual diagnosis is not identified here because of privacy concerns and this is a publicly available document.

92.        Plaintiff's December 20, 2020 leave was protected by the FMLA and she was entitled to be reinstated to her previous position upon her return.  29 USCS § 2614.

93.        Defendant refused to reinstate Plaintiff to her previous position.

94.        United terminated Plaintiff because she took FMLA leave.

95.        United failed to retroactively designate Plaintiff's leave as FMLA leave as required by law.

96.        United failed to renew Plaintiff's FMLA leave yearly.  It would not do so until she needed the leave.  This was also interference

97.        Defendant is liable to Plaintiff for her lost compensation and for an equal amount in liquidated damages because United's actions were willful.  29 USCS § 2617.

### COUNT FIVE

**Violation of the Family Medical Leave Act,
29 U.S.C. §2601 et seq. (FMLA): Retaliation**

98.     Plaintiff restates and incorporates paragraphs 1 through 97 as if fully stated herein.

99.     The FMLA's prohibition against "interference" prohibits an employer from discriminating or retaliating against an employee or prospective employee for having exercised or attempted to exercise FMLA rights.  29 USC 2615(a)(1) and (2);  29 CFR 825.220.

100.    Retaliatory actions include using leave "as a negative factor in employment actions, such as hiring, promotions, or disciplinary actions." 29 CFR 825.220(c).

101.    Plaintiff's protected activity included taking FMLA leave, asking for FMLA leave, and complaining to the US Department of Labor and participating in their investigation in 2017.

102.    Plaintiff's ongoing protected FMLA activity was a determinative factor in Defendant's decision not to reinstate her and fire her and not retroactively designate her leave as FMLA leave.

103.    Defendant United treated Plaintiff differently than it treated many other employees who had sick leave of one day.

104.    Defendant's actions were willful, as that term is defined under the FMLA.

105.    As a result thereof, Defendant violated the FMLA.

106.    As a result of Defendant's violation of the FMLA, Plaintiff has experienced and will continue to experience a loss of salary and benefits and additional damages.  Plaintiff is entitled to her lost compensation and an equal amount in liquidated damages.

### RELIEF REQUESTED

WHEREFORE, plaintiff demands judgment against the defendant and requests the following relief:

13

a.   Order that defendant makes plaintiff whole for all losses she has suffered, still suffers, and will suffer in terms of lost wages, benefits, insurance and pension coverage, and any other fringe benefits of her employment;

b.   Award plaintiff compensatory damages for the injuries, including, emotional distress and damage to reputation, suffered as a result of defendants' discrimination against plaintiffs in violation of the New Jersey Law Against Discrimination;

c.   Award damages under the cited statutes to include but not be limited to liquidated damages;

d.   Award plaintiff punitive damages on the grounds of upper management's actual participation in and/or willful indifference to defendants' discrimination against plaintiff;

e.   Award plaintiff attorneys' fees and costs incurred by the need to bring this litigation; and

f.   Grant plaintiff such relief as the Court deems just and proper.


CASHDAN & KANE. L.L.C.

By:_____
    MICHAEL G. KANE
    Attorneys for Plaintiff

14

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues as permitted by law.

CASHDAN & KANE, L.L.C.

By:_____
        MICHAEL G. KANE
        Attorneys for Plaintiff

## CERTIFICATION PURSUANT TO RULE 4:5-1

1.      I certify that, to my knowledge, the matter in controversy is the subject of a matter

pending at the U.S. Department of Labor captioned Daphne Talley v. United Airlines, Inc.

Docket No. 2022-AIR-00004.  That matter concerns Ms. Talley's allegation that her sick leave

call was protected activity because it implicated safety issues subject to the Wendell H. Ford

Aviation Investment and Reform Act for the 21st Century (AIR-21), 49 U.S.C. §42121.  AIR-21

claims must be brought at the U.S. Department of Labor.  AIR-21 claims cannot be brought in

this Court.

2.      To my knowledge, no other action or arbitration is contemplated.

CASHDAN & KANE, L.L.C.

By:_____
        MICHAEL G. KANE
        Attorneys for Plaintiff

Dated:  Jan 13, 2023

# Civil Case Information Statement

## Case Details: ESSEX | Civil Part Docket# L-000331-23

**Case Caption:** TALLEY DAPHNE  VS UNITED AIRLINES, INC .

**Case Initiation Date:** 01/13/2023

**Attorney Name:** MICHAEL G KANE

**Firm Name:** CASHDAN & KANE

**Address:** 226 SAINT PAUL ST

WESTFIELD NJ 07090

**Phone:** 9082649331

**Name of Party:** PLAINTIFF : Talley, Daphne

**Name of Defendant's Primary Insurance Company** (if known): Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Daphne Talley?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO

**If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO

**If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO


I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

01/13/2023

Dated

/s/ MICHAEL G KANE

Signed